## BRIDGES et al. v. WILLIAMS.

GEORGE, J. W. M. Williams filed his equitable petition in the superior court of Decatur county, against R. L. Z. Bridges, of Decatur county, W. I. Geer, of Miller county, and D. C. Barrow, of Mitchell county. The material allegations of the petition were: The plaintiff recovered a verdict against the defendant Bridges at the May term, 1915, of the superior court of Decatur county, for $2500 principal, $462.50 interest to the date of the judgment, and future interest on the principal at the rate of eight per cent. per annum. Judgment was entered upon the verdict, and a motion for new trial filed by the defendant Bridges has not been disposed of. Geer was and is still the attorney of record for the plaintiff. D. C. Barrow was employed by Bridges to negotiate a loan for Bridges, to be secured by a deed on certain real estate in Decatur county. Barrow, acting as agent for Bridges, undertook to procure a cancellation of the judgment which plaintiff had recovered against Bridges, stating to plaintiff that Geer had agreed to make a deduction in his fee in order to procure a settlement. Under plaintiff's agreement with Geer he was to have twenty per cent. of the recovery as a fee. Negotiations between the plaintiff and Bridges, Barrow, and Geer covered a period of four days, and were carried on in as many different towns. Geer refused to disclose to petitioner what fee he had agreed to accept in settlement of his interest in the judgment, and undertook to persuade petitioner to accept $1100 for his interest in the judgment. Plaintiff refused to accept $1100, but finally agreed to accept from Bridges $2000 net to him. Pending the negotiations Barrow called plaintiff aside and advised him not to be governed by the advice of his sons in the settlement of the judgment, but to accept the advice offered by Barrow. After the agreement to accept $2000 net, Geer presented to plaintiff a deed, which had already been prepared, and which plaintiff executed with the distinct understanding that he was to receive the full sum of $2000 net to him. Geer did not read the deed to plaintiff. Plaintiff is illiterate and can neither read nor write, which fact was well known to his attorney, Bridges, and Barrow. Immediately after the execution of the deed, Geer called plaintiff into the bank and offered him a check for $1150 in full settlement of his interest in the judgment and in full consideration of the deed to certain land conveyed by the plaintiff to Bridges. Bridges was present, and the plaintiff then refused to accept the check for $1150, and stated to Geer and Bridges that he had not agreed to accept $1150 in settle-

ment of the judgment, repudiated the whole transaction, and demanded the return of the deed and the surrender of the order authorizing the cancellation of the judgment, as well as the release of the lien of the judgment against certain land owned by the defendant Bridges, the two latter papers having been executed by Geer as attorney of record. Geer claimed that he had already delivered the deed to Bridges, and Bridges refused to surrender the same to plaintiff. Bridges had in fact delivered to Geer a check on a bank located in a town near by, and Geer then held the check and had not collected the same. Geer had in fact accepted from Bridges a fee of $100 in excess of the twenty per cent. contingent fee to which he was entitled under his agreement with the plaintiff, which fact was fraudulently withheld from the plaintiff. In the whole transaction Barrow and Geer acted as the agents of Bridges, and the three conspired to obtain by fraud the deed from the plaintiff, and to cause the judgment in his favor against Bridges to be canceled of record. Plaintiff at once, and as soon as he was able to procure the services of an attorney, went to the office of the clerk of the superior court of Decatur county and there found Barrow, who had just delivered the deed, the release of the lien, and the order for the cancellation of the judgment to the clerk. Plaintiff's attorney stated to the clerk that the deed, release, and order for the cancellation had been procured by fraud, and requested the clerk not to record the deed or enter the release and order for the cancellation of the judgment of record. Barrow was present. Immediately, and before the papers had been recorded, the plaintiff filed his petition, praying for cancellation of the deed, of the release, and of the order for the cancellation of the judgment. *Held:*

1. The petition set forth a cause of action against each of the defendants. Substantial relief was prayed against the resident defendant, Bridges. Defendants Barrow and Geer were proper parties defendant; and the petition is not multifarious. The demurrer to the petition upon the grounds as just indicated was properly overruled.

2. Upon the trial of the case the evidence for the plaintiff showed that the deed made by him to Bridges was read to the plaintiff before he signed it, but tended to show that the clause reciting the consideration of the deed was omitted in the reading, that the consideration stated in the deed ($1500) was not read to the plaintiff before he executed the deed, but that at the time of the execution of the deed it was distinctly understood that he was to be paid $2000 net to him before the delivery of the deed. In all other respects the evidence in behalf of the plaintiff tended to establish the material allegations of the petition, and, though strongly rebutted, was sufficient to authorize the verdict in his favor against all the defendants.

3. The several charges of the court assigned as error were authorized by the pleadings and the evidence, and contained no intimation of opinion by the court upon the facts of the case. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 586. MAY 15, 1918.

Equitable petition. Before Judge Worrill. Decatur superior court. August 18, 1917.

*W. I. Geer* and *W. V. Custer,* for plaintiffs in error.

*M. E. O'Neal* and *J. R. Wilson,* contra.